IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN K. SMITH, )
 )
 Petitioner, )
 ) CIVIL ACTION
v. )
 ) No. 06-3168-CM
 )
DAVID MCKUNE, et al., )
 )
 Respondents. )
 )

**MEMORANDUM AND ORDER**

John K. Smith, a prisoner at the Lansing Correctional Facility in Lansing, Kansas, filed a petition *pro se* for writ of habeas corpus (Doc. 1). Petitioner was convicted in state court of two counts of second degree reckless murder and all other counts against him. He seeks a writ pursuant to 28 U.S.C. § 2254. Specifically, he requests federal relief on the following grounds: (1) his convictions violated the Due Process Clause because he could only be charged with involuntary manslaughter or vehicular homicide; (2) the prosecutor inappropriately commented on his post-*Miranda* silence; (3) the trial court erred in failing to clarify a jury instruction; (4) the prosecutor inappropriately introduced evidence of petitioner's prior criminal history; and (5) his trial and appellate counsel were ineffective in six ways. The court has reviewed the record and petitioner's arguments, and finds that habeas relief is not warranted. For the following reasons, the petition is denied.

**I.    Standard of Review**

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions

of the Act. *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999). The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct. *Id.* § 2254(e)(1).

## II. Factual Background

On May 15, 1997, two vehicles collided south of Dodge City, Kansas on U.S. Highway 283. Petitioner and his girlfriend, Elaine Miller, occupied one vehicle—a blue Mitsubishi. The occupants of the other vehicle both died as a result of the collision. Immediately prior to the collision, a deputy sheriff witnessed the Mitsubishi speeding from the opposite direction. He turned around and was pursuing the Mitsubishi when he approached the wreck.

Petitioner claimed that Ms. Miller was driving the Mitsubishi. On the scene and at trial, Ms. Miller claimed that petitioner was driving, although she also told others that she was driving. She climbed out of the passenger window at the crash scene, and the deputy sheriff found petitioner straddling the center console, with his left leg between the driver's-side dashboard and seat. Ms. Miller testified at trial that petitioner was attempting to move from the driver's seat to the passenger's seat when the car crashed.

The Kansas Court of Appeals provided a more detailed description of the facts involved in each of its opinions rendered in petitioner's case, and the court need not repeat those facts here.

### III.   Discussion

A.   <u>Charges Against Petitioner</u>

Petitioner first claims that under Kansas law, vehicular homicide and involuntary manslaughter are the only valid charges for unintentional killings caused by improper operation of a motor vehicle. Petitioner did not raise this issue in either of his petitions to the Kansas Supreme Court, although he did raise it in a *pro se* brief to the Kansas Court of Appeals on his § 60-1507 motion. A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). By failing to raise the issue before the Kansas Supreme Court, petitioner did not invoke one complete round of Kansas's appellate review process.

That said, if petitioner were to try to exhaust his claim now in state court, he would be barred from relief because the time for appeal has passed. This court therefore treats the claim as procedurally defaulted. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000). On a procedurally defaulted claim, a petitioner must show "cause and prejudice or a fundamental miscarriage of justice" before this federal court will consider the claim. *See id.*

Respondents raised procedural default in their response to the habeas petition, and petitioner failed to offer any cause, prejudice, or reason why a fundamental miscarriage of justice would occur. He did not file a reply brief at all. Petitioner did, however, state in his original petition that he did not raise this issue on direct appeal because he received ineffective assistance of counsel. But petitioner has not demonstrated that his counsel's actions were objectively unreasonable. As the Kansas Court of Appeals pointed out in its ruling on petitioner's § 60-1507 motion, there is no case law to support petitioner's claim. Petitioner failed to show cause, prejudice, or any reason why a fundamental miscarriage of justice will occur if this court does not consider his claim, and he

therefore is not entitled to relief on the claim.

B.   Commenting on Petitioner's Post-*Miranda* Silence

Petitioner's next claim is that the prosecutor violated his due process rights by questioning him on the stand about his failure to tell police his version of the events. The Kansas Court of Appeals examined this issue and acknowledged that *Doyle v. Ohio*, 426 U.S. 610, 618 (1976), found it unconstitutional for the State to elicit evidence of a defendant's post-*Miranda* silence. But the appellate court then found that *Doyle* was inapplicable because the only testimony at trial was about petitioner's comments at the scene of the wreck and before he was in custody. The court therefore held that the prosecutor did not mention petitioner's post-*Miranda* silence.

The appellate court did not reach a decision contrary to *Doyle*. Moreover, it was reasonable for the appellate court to find that *Doyle* did not apply. Petitioner is not entitled to relief on this issue.

C.   Jury Instruction Error

Petitioner argues that the state court violated his right to due process when it failed to clarify a confusing instruction for the jury. After beginning deliberations, the jury asked the court to explain the circumstances manifesting extreme indifference to the value of human life. The court responded that it was a factual determination to be made by the jury, rejecting defense counsel's proposal that the court instruct the jury with a specific definition.

The burden is high for a petitioner to demonstrate constitutional error arising from an allegedly erroneous jury instruction:

> In a habeas proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. "The burden of demonstrating that an erroneous instruction was so prejudicial

-4-

> that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." The degree of prejudice from the instruction error must be evaluated in the context of the events at the trial.

*Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995) (internal citations omitted).

Petitioner cannot meet his high burden on this issue. There is nothing in the record to support a finding that the instructions were improper or that the judge's answer to the jury's question undermined the fundamental fairness of the trial. To the contrary, both Kansas law and the comments to the Model Penal Code suggest that the district court's answer to the jury's question was proper. Petitioner has not shown why or how their guidance leads to an unconstitutional result. The court denies habeas relief on this issue.

D.      Evidence of Prior Criminal History

Next, petitioner submits that the prosecutor violated his right to a fair trial when he introduced evidence of petitioner's prior criminal history. This, too, involves an interpretation of state law. Petitioner therefore bears the same high burden of proof discussed above—habeas relief may be based on trial error only when that error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted).

The district court admitted evidence that petitioner was on parole at the time of the accident to show motive for petitioner to lie about driving and to try to move from the driver's seat to the passenger's seat once he knew that the deputy sheriff had caught him speeding. The evidence showed that he did not have a license and that he was legally drunk. Petitioner's entire defense was

-5-

that he was not the driver, making his motive to deny being the driver relevant. The district court gave a limiting instruction to the jury, instructing jurors that the evidence was admitted only to show petitioner's motive, and for no other reason. The court specifically instructed jurors that they were "not to consider it in connection with determining [petitioner's] innocence or guilt because of a predisposition towards commission of a crime."

The court has reviewed the entire trial transcript and record in this case. The prosecutor's question referencing petitioner's prior criminal history was vague. The evidence that petitioner was a parolee was minimal in the scope of the trial and accompanied by a limiting instruction. The court finds that it did not infect the trial, and that petitioner failed to meet his burden of showing that he was denied a fair trial because of the evidence.

E.     Ineffective Assistance

Finally, petitioner asserts that he received ineffective assistance from both his trial counsel and appellate counsel in six ways. The first four involve his trial counsel. Petitioner claims that his trial counsel was ineffective for: (1) failing to use a crime scene reconstruction expert to support his defense; (2) failing to contest the binding over of petitioner on amended charges or request a second preliminary hearing; (3) failing to object to improper remarks the prosecutor made during closing argument; and (4) releasing several defense witnesses without asking them to testify at trial. Petitioner claims that his appellate counsel was ineffective for: (1) failing to argue that the trial court lacked jurisdiction because it bound over petitioner on amended charges without conducting another preliminary hearing; and (2) failing to raise the issue of prosecutorial misconduct.

The Kansas Court of Appeals examined each of these issues, applying the appropriate standards under *Strickland v. Washington*, 466 U.S. 668 (1984). The state appellate court did not arrive at any conclusions opposite to those reached by the Supreme Court on a question of law. Nor

did the state appellate court decide any of the issues differently than the Supreme Court has on a materially indistinguishable set of facts. Moreover, after reviewing the Kansas Court of Appeals's analysis at length, this court cannot conclude that it unreasonably applied the *Strickland* standards to the facts of this case. For these reasons, petitioner is not entitled to habeas relief on his ineffective assistance arguments.

**IT IS THEREFORE ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied.

Dated this 26th day of November 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**